**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ERIC ALBERTO SANCHEZ JIMENEZ,** | § § § | |
| *Petitioner,* | § § | |
| | § | **CASE NO. 6:26-CV-00077-ADA-DTG** |
| *v.* | § § | |
| **PHILLIP VALDEZ, in his official capacity as Warden of Eden Detention Center, et al.,** | § § § § | |
| | § § | |
| *Respondents,* | § | |

**ORDER DISMISSING PETITION**

In this case, the petitioner, Eric Alberto Sanchez Jimenez, filed a petition for a writ of habeas corpus while in immigration detention at a facility located in Eden, Texas. Dkt. No. 1 at 4. His custody was later transferred to a facility in El Paso, Texas. *See* Dkt No. 9. Because Eden, Texas is not located within this Court's jurisdiction, the Court finds his petition should be **DISMISSED** for lack of subject-matter jurisdiction.

Federal courts must screen petitions for a writ of habeas corpus before directing service on the respondents. 28 U.S.C. § 2243. If a petition lacks merit, the court must dismiss it without an answer or a hearing. *Id.* In habeas cases, only the district of a petitioner's incarceration has subject-matter jurisdiction to entertain a petition for relief. 28 U.S.C. § 2241(a); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001). Jurisdiction attaches when a petition is filed and remains with the initial district of incarceration, even if the petitioner's custody is later transferred. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (citing *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978)); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) ("To entertain a §

2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian.").

At the time this case was filed, the petitioner was detained within the jurisdictional limits of the San Angelo Division of the Northern District of Texas. *See* U.S. DIST. CT. N.D. TEX., *Court Locator*, https://www.txnd.uscourts.gov/court-locator (last visited June 2, 2026). Accordingly, the Court does not have subject-matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 2241(a). The petition is therefore **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The clerk of the Court shall **CLOSE** this case.

**SIGNED** on June 2, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE